IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IKEM HARLAND,

                         **Plaintiff,**

        v.                                    CASE NO. 21-2248-SAC

WYANDOTTE COUNTY JAIL, et al.,

                         **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.

The court has conducted an initial review of the complaint and will direct plaintiff to provide, to the best of his ability, a statement of "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (describing what a complaint must explain to state a claim).

Plaintiff also moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit

to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The court declines to appoint counsel at this time. Plaintiff has not provided specific factual allegations and has not identified any individual defendant, and it is difficult to determine the potential merit of his claims or the complexity of the issues presented. The court will reconsider the request upon the development of the record.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including **June 30, 2021**, to provide additional details supporting his claims as explained herein. The clerk of the court shall transmit a form pleading and instructions to plaintiff to guide him.

**IT IS SO ORDERED.**

DATED:  This 4th day of June, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge