## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IKEM HARLAND,

          **Plaintiff,**

    v.                                        CASE NO. 21-2248-SAC

WYANDOTTE COUNTY JAIL,

          **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's amended complaint. Plaintiff proceeds pro se in a civil rights action under 42 U.S.C. § 1983. The court previously directed the plaintiff to submit an amended complaint on a court-approved form and advised him that he must describe, to the best of his ability, what each defendant did, when it occurred, how he was injured, and how the injury violated his protected rights.

The amended complaint identifies the sole defendant as the Wyandotte County Jail and asserts that plaintiff's rights were violated by the provision of three sack meals per day, by the lack of running water in his cell, and by excessive force, which it appears occurred in the course of placing plaintiff in a suicide vest and restraint chair.

However, the complaint does not contain any information about when these acts occurred, nor does plaintiff identify any individual defendants. This information is critical, because unless plaintiff filed his complaint within the statute of limitations, the court lacks jurisdiction to consider the claims. Next, the Wyandotte County Jail

is not a proper defendant in this action. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As a governmental sub-unit, a prison or jail cannot sue or be sued because such an entity is not a "person" subject to suit for monetary damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, such a defendant is subject to dismissal. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished)("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Accordingly, the court will direct plaintiff to file a second amended complaint that includes a statement of **when the events identified occurred** and that, to the best of plaintiff's ability, **identifies the individual persons whose acts allegedly violated his rights**. If he fails to do so, this matter may be subject to dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including August 2, 2021, to file a second amended complaint that includes the information described in this order. The clerk of the court shall transmit a form pleading to plaintiff.

**IT IS SO ORDERED.**

DATED: This 1st day of July, 2021, at Topeka, Kansas.

s/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge