```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**IKEM HARLAND,**

                          **Plaintiff,**

         **v.**                                                           **CASE NO. 21-2248-SAC**

**WYANDOTTE COUNTY ,**

                          **Defendant.**

## MEMORANDUM AND ORDER

This matter, a civil rights action filed under 42 U.S.C. § 1983, comes before the court on plaintiff's second amended complaint.

### Nature of the complaint

On July 1, 2021, the court directed plaintiff to submit a second amended complaint, notified him that the amended complaint must explain when the acts of which he complained occurred and who committed the acts, explained that the Wyandotte County Jail (WCJ) is not a proper defendant in this action, and directed the clerk of the court to provide plaintiff with a form pleading to be used for the amended complaint. The court later granted plaintiff's motion for an extension of time, and the second amended complaint was filed on September 28, 2021. The second amended complaint consists of a caption page and two pages of text. Although the caption identifies the WCJ as the sole defendant, the body of the complaint names individual defendants.

The complaint states that during his incarceration in the WCJ, plaintiff was moved back and forth among the segregation unit, B pod, and the mental ward. Plaintiff states broadly that he was physically and mentally abused by the staff and "kept losing everything." He states that most days, he was not released from his pod, and that on

a day he was to be in court before noon, Deputy Lura did not reach him until 3:00.

He next states that unnamed staff members and corrections officers "continue to put a false charge on [him]" and that he was told he had stabbed someone in self-defense. Plaintiff states that as a result, he was placed in segregation, where he received only sack meals three times a day, resulting in a 37-pound weight loss.

Plaintiff claims the water available at the WCJ made him dizzy and caused him to black out. He states he would only drink from a water fountain in the recreation area and that most days staff would not allow him out of his cell for recreation or water.

The complaint also states that on June 6, 2019, unnamed persons were coming to take him to intake, tased and kicked him, and that Deputy Lura stomped his forehead three times, leaving him with a concussion and a "major laceration" on his head. After this, he was dragged down the stairs, where Deputy Lura cut off his jumpsuit and placed him in a holding cell. Plaintiff states he did not receive medical attention until the next shift arrived.

The complaint next states that "another time", unnamed officers came to plaintiff's cell, tased him, and stomped his fingers. Plaintiff states that a "Cricket correctional officer with a Miguel Angel tattoo" and stuck his finger and tased him. Plaintiff states he was tased multiple times and placed in a holding chair with cuffs on his ankles which caused him intense pain.

The complaint also refers to unspecified times when plaintiff threw himself under his bed and two unnamed officers extracted him, stomped his fingers, and tased him multiple times. Plaintiff states he was left in segregation without a bed for days. He claims that

unnamed persons cleaned his cell and sprayed it with a purple chemical. He also claims he was tortured with music played over a loudspeaker, and that some staff members refused him grievance forms.

Finally, plaintiff cites Report 201900010619, without explanation, and states he was never aggressive toward deputies and clung to a desk so they would stop abusing and tasing him. He asks that the following persons be held responsible: A/Sgt. Baird, Dep. Cortes, Dep. Baird 1831, Sgt. Ballard, and Dep. Schuler.

### Screening standards

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### Discussion

Because plaintiff's complaint largely fails to comply with these

standards[1], the court will direct him to file a final amended complaint using the form complaint provided by the court.

The amended complaint should include a statement of when the events occurred. Under Rule 9(f) of the Federal Rules of Civil Procedure, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Plaintiff's bare reference to events without a timeframe is insufficient to provide proper notice of his claims.

Likewise, plaintiff must explain what each defendant did. To state a claim for relief for a constitutional violation under § 1983, a plaintiff must show that the defendant acted under color of state law and caused, or contributed to, the harm alleged. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). The plaintiff also must show the personal participation of each defendant, and bare allegations are insufficient to meet this showing. *Id.*; *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). It is not sufficient to describe an incident and then attach a list of defendants who should be held responsible without providing an explanation of how each person's conduct led to the harm alleged by the plaintiff.

Finally, plaintiff must comply with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. Under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants

---

[1] Plaintiff's claim that defendant Lura subjected him to excessive force on June 6, 2019, is stated with sufficient clarity to warrant a response. Because an amended complaint supersedes earlier complaints, plaintiff should include this claim in the amended complaint directed by this order.

who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. However, he may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action. *See Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D. Kan. 2001)(citation omitted)(explaining that the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.").

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **November 29, 2021,** to submit a final amended complaint on a form pleading and in compliance with the directions in this order.

IT IS FURTHER ORDERED the clerk of the court shall transmit to plaintiff a complaint form.

**IT IS SO ORDERED.**

DATED:  This 28th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge