```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**IKEM HARLAND,**

                **Plaintiff,**

        **v.**                                          **CASE NO. 21-2248-SAC**

**WYANDOTTE COUNTY JAIL, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis.

### Background

**Case No. 21-2060-EFM-JPO**

On February 3, 2021, plaintiff commenced Case No. 21-2060 in which he named the Kansas City, Kansas, Police Department as the defendant. In that action, he alleged that he was the subject of a false arrest on May 2, 2019, and that he then spent 7 months in custody. The complaint generally alleged that during that detention, he was abused.

On February 4, 2021, the magistrate judge entered an order directing plaintiff to show cause why the matter should not be dismissed for lack of subject matter jurisdiction and for failure to state a plausible claim for relief.

On February 8, 2021, plaintiff submitted a response, in which he provided additional details of the conditions of his detention, such as weight loss he attributed to receiving only the sack lunch diet, a lack of running water in his cell, an incident in which his head was slammed into the floor repeatedly and he was placed in a

restraint chair, and an incident in which he was tased multiple times.

On February 18, 2021, the magistrate judge entered an order directing plaintiff to file a notice by March 4, 2021, identifying the individual defendants and the specific causes of action he wished to bring against them.

On March 1, 2021, plaintiff filed a one-page response containing a list of officers and a short statement of his grounds for relief.

On March 4, 2021, the magistrate judge entered an order directing plaintiff to file an amended complaint by March 18, 2021. Plaintiff filed a response on March 18, stating that he had not yet received a response to a subpoena, that he had more defendants to name, and that he needed a lawyer. The court extended the time for filing the amended complaint, and plaintiff submitted the amended complaint on April 2, 2021.

On April 6, 2021, the magistrate judge entered an order explaining that while plaintiff previously had supplied a list of defendants, the amended complaint filed on April 2 contained only John Doe defendants. The order directed plaintiff to supply information for service on defendants by April 20, 2021.

Plaintiff did not respond, and on April 22, 2021, the magistrate judge entered an order directing service on the Kansas City, Kansas, Police Department (KCKPD) and dismissing the Doe defendants.

The KCKPD filed a motion to dismiss on June 14, 2021. Plaintiff filed a response on July 6, 2021.

On November 3, 2021, the district court granted the motion to dismiss. Plaintiff filed an appeal, and on July 15, 2022, the U.S. Court of Appeals for the Tenth Circuit issued an Order and Judgment affirming the decision. *Harland v. Kansas City, Kansas Police*

*Department*, No. 21-3207, 2022 WL 2763095 (Jul. 15, 2022).

**Case No. 21-2248**

Plaintiff commenced the present action on May 28, 2021, naming the Wyandotte County Jail as the sole defendant. As in Case No. 21-2060, he claimed he was subjected to a false arrest and that he thereafter was mentally and physically abused while held at the jail. He sought damages for pain and suffering.

The undersigned received the case by transfer on June 2, 2021. The court allowed plaintiff to file two amended complaints and directed him to file a final amended complaint. He responded without using the form complaint provided and again requests the assistance of counsel.

## Discussion

The court has carefully considered the record in this case in light of his earlier filing, Case No. 21-2060. It is clear that the current action is a repetitive filing, as it presents the same claims that plaintiff failed to successfully advance in the earlier case.

The Tenth Circuit has explained:

> "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. . . . [R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process."

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

The court concludes the present matter is subject to dismissal. Plaintiff commenced this action after the Doe defendants were dismissed from the earlier action, and he presents the same grounds for relief that he did not properly support in the earlier case. This repetitive filing must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motions to appoint counsel (Docs. 17 and 20) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 21st day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge